IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> REAL PROPERTY LOCATED AT 320 ) <br> WESTMORE DRIVE, GREENE COUNTY, ) <br> IL & All Attachments, Improvements ) <br> Appurtenances Thereto, ) <br> ) <br> Defendant. ) | Case No. 08-cv-0222-MJR |

## **JUDGMENT AND ORDER OF FORFEITURE**

REAGAN, District Judge:

For the reasons described below, the Court **GRANTS** Plaintiff's September 2, 2008 motion for default judgment and decree of forfeiture (Doc. 11).

On March 21, 2008, the United States of America (USA) filed a verified complaint seeking forfeiture of:

> Real property located at 320 Westmore Drive, White Hall, Greene County, Illinois, and all attachments, improvements, and appurtenances thereto, more particularly described as follows:
> Lot Seven (7), Lot Eight (8), and Ten (10) feet off the South side of Lot Nine (9) in McPherson's Addition to the Town, now City of White Hall, according to the recorded plat of said Addition, situated in the City of White Hall, Greene County, Illinois.
> **PIN: 11-53-34-402-004.**

The complaint alleged that the real property ("the Property") was involved in a transaction in violation of 18 U.S.C. §§ 1956 and 1957 (or was traceable to such

property) and constituted proceeds traceable to the exchange(s) of money or other things of value for controlled substances in violation of Subchapter I of Chapter 13 of Title 21 of the United States Code.

The interested party herein, Connie J. Collins, was personally served by the Internal Revenue Service, Criminal Investigations Division, with a copy of the complaint and a notice of civil judicial forfeiture on May 8, 2008 (see Docs. 5-6). At the time of service, it was verified that Connie J. Collins was the sole occupant of the Property. More than 30 days elapsed since the date on which Collins was served.

Notice of Civil Judicial Forfeiture was published in the Southern Illinoisan newspaper on May 1, 2008, May 8, 2008 and May 15, 2008, as evidenced by the Certificate of Publication filed with this Court on June 5, 2008 (see Doc. 5), and no other interested party filed a claim or answer, although more than 30 days elapsed since the date of the last publication.

Process was fully issued herein and returned according to law. Connie J. Collins and all interested parties failed to answer or otherwise defend within the time permitted by Rule G(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims, and an entry of default was properly made on June 24, 2008 (see Doc. 8).

Therefore, the Court **GRANTS** Plaintiff USA's motion for default judgment in favor of Plaintiff USA and decree of forfeiture (Doc. 11) of the Property.

The Property shall be **FORFEITED** to the USA. No right, title or interest in the Property shall exist in any other person or entity. The Property shall be disposed of

according to law by the Department of Treasury, Internal Revenue Service, Criminal Investigation Division or by the United States Marshal.

The Court **FINDS** that under the "relation-back" doctrine codified in 21 U.S.C. Sec. 881(h), all right, title and interest in the Property vested in the United States upon the commission of the act giving rise to forfeiture. In the instant case, the date that the property vested in the United States was no later than March 30, 2006.

The Court **FURTHER FINDS** that the Property is exempt from any real estate taxation from March 30, 2006 until the date the Property is transferred from the United States to an owner who is not exempt from taxation. The United States shall pay any taxes or tax liens accruing *prior* to March 30, 2006 and may, at its discretion but not as a requirement of law or of this Court, voluntarily pay, as if the property were not exempt, any taxes or tax liens accruing *after* March 30, 2006 but prior to the date of this Judgment and Decree for Forfeiture. Any taxes or tax liens paid by the United States shall be considered part of the costs and expenses associated with the forfeiture and sale of the Property and shall be reimbursed from the proceeds of the sale prior to the distribution of any proceeds to any third party claimants or petitioners.

This Court **RETAINS JURISDICTION** to determine any and all issues regarding any real estate taxes imposed on the Property prior to the date of this Judgment and Order. No tax purchaser, tax certificate holder, taxing authority or other person or entity shall take steps to collect taxes or enforce tax liens, except as specifically authorized by an Order issued by this Court after notice to the United States and a

hearing. More specifically, no such tax purchaser, tax certificate holder, taxing authority or other person/entity shall commence state court tax deed proceedings and notices unless specifically authorized by this Court after notice to the United States and the opportunity to be heard.

The United States shall record this Judgment and Order as a means of providing notice of this prohibition and shall mail a copy to the State's Attorney of Greene County, Illinois, as the attorney for the taxing authorities.

The United States Marshal or the Internal Revenue Service, by and through EG&G Technical Services, Inc., custodial contractor for the United States Department of Treasury, may immediately take custody of the subject Property. The United States Marshal or the Internal Revenue Service, by and through its custodial contractor, shall give any occupants of the Property 30 days after posting the premises with a copy of this Order to remove any personal property from the premises and to vacate said premises. Any personal property remaining on the premises after 30 days shall be considered abandoned and may be disposed of by the United States Marshal or the Internal Revenue Service by any means it deems appropriate and without any obligation to pay compensation or damages for same.

Any person remaining on the premises after the 30-day period may be forcibly removed by the United States Marshal or the Internal Revenue Service. The United States Marshal or the Internal Revenue Service, by and through its custodial contractor, shall have the discretion to extend this 30-day period, and the United States

shall have the right to petition this Court to shorten the 30-day period for cause.

**JUDGMENT IS HEREBY ENTERED** In favor of plaintiff, United States of America, and against Defendant as above-delineated.

DATED this 7th day of October 2008.

s/ Michael J. Reagan  
MICHAEL J. REAGAN  
United States District Judge